WILLIAM DOMNARSKI, State Bar No. 200977
6144 Omega Street
Riverside, CA 92506
Tel. 951-334-0529
FAX 951-369-7233
domnarski@sbcglobal.net

Attorney for
SERGIO RAMIREZ

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>SERGIO RAMIREZ,<br><br>    Defendant. | ) No. CR 09-229-GAF<br>)<br>) DEFENDANT'S OBJECTIONS TO<br>) PRESENTENCE REPORT; SENTENCING<br>) MEMORANDUM<br>)<br>) SENTENCING HEARING;<br>) DATE: JULY 12, 2010<br>) TIME: 1:30 P.M.<br>) |

Defendant SERGIO RAMIREZ ("DEFENDANT"), by and through his counsel of record, William Domnarski, submits the following (1) Objections to the Presentence Investigation Report ("PSR") prepared in the above-captioned matter pursuant to the United States Sentencing Guidelines ("U.S.S.G.") and (2) Sentencing Memorandum.

//

//

I. OBJECTIONS TO PSR

A. FACTUAL OBJECTIONS

    DEFENDANT has no factual objections to the PSR.

B. U.S.S.G. CALCULATIONS

    DEFENDANT has no objections to the Criminal History Category but does object to the U.S.S.G. offense level calculation. DEFENDANT argues for a U.S.S.G. departure but makes that argument in the 18 U.S.C. §3553(a) section of this position paper

II. SENTENCING MEMORANDUM, 18 U.S.C. §3553(a)

    The sentencing court begins its sentencing analysis by calculating the applicable U.S.S.G. range, but consideration of the U.S.S.G., which is only one of the seven factors listed in 18 U.S.C. §3553(a), is "only the starting point and the initial benchmark. *United States v. Gall*, 552 U.S. 38, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007). The "court then consider[s] what sentence is appropriate for the individual defendant" in light of the four purposes of sentencing and the seven factors for achieving those purposes, "explaining any variance from [the Guidelines] with reference to the [§3553(a) factors]." *Nelson v. United States*, \_\_\_ U.S. \_\_\_, 129 S.Ct. 890, 891-92, 172 L.Ed. 2d 719 (2009). In selecting a sentence, the district court has substantial discretion. Yet, in exercising its discretion, the court must give the parties "an opportunity to argue for whatever sentence they deem appropriate," *Gall* at 596, and thereafter "make an individualized assessment based on the facts presented." *Gall at 597.*

    We know in the wake of *Booker*, that the range of choice

dictated by the facts of the case has been significantly broadened. *Gall* at 602(finding a sentence outside the Guidelines to be reasonable). In fashioning a *Booker* sentence, courts can vary from Guidelines ranges based solely on policy considerations, including disagreements with the guidelines, *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 570, 169 L.Ed.2d 481 (2007), or because the Guidelines sentence fails to properly reflect §3553(a) considerations, *Rita v. United States*, 551 U.S., 338, 127 S.Ct. 2456, 2465, 168 L.Ed.2d 203 (2007). In addition, factors that have already been taken into account in calculating the advisory guideline range, such as a defendant's lack of criminal history, can nevertheless form the basis of a variance. *United States v. Chase*, 560 F.3d 828, 830-31 (8th Cir.2009). The 18 U.S.C. §3553(a) factors, it has been recognized, are of a"vague and nondirectional" character, *United States v. Gammicchia*, 498 F.3d. 467,469-70 (7th Cir.2007)(Posner, J.). Moreover, it is clear that, while the same facts and analyses can justify both departures and variances, the concepts are sufficiently distinct so that "variances from Guideline ranges that a district court may find justified under the sentencing factors set forth in 18 U.S.C. §3553(a) include a much broader range of discretionary decisionmaking than departures." *United States v. Tristan-Madrigal*, 601 F.3d 629, 635 (6th Cir.2010). Indeed, the discretion is such that variances may be permitted when departures are not. *Id.*

   The effect of DEFENDANT's state court sentence of three years in state prison for the same conduct that gave rise to his federal prosecution drives the sentencing analysis before the

court.  It does this in two ways.  First, the state court sentence bears on the disparity in sentencing factor of 18 U.S.C. §3553(a).  This is not an instance in which the federal sentencing court could only speculate as to what a state court sentence would be for the same conduct, a factor which likely bears on the rule that a district judge is not required to consider a state court sentence for a disparity analysis, *United State v. Nevils* 598 F.3d 1158, 1171 (9th Cir.2010).  Here we know the state court value of DEFENDANT's conduct–three years in state prison.  It would have been one thing if, as often happens, this large quantity drug case had started in state court and was then moved to federal court.  The value of the criminal conduct would not be known and would be only speculative.  But since the criminal conduct here did have a state court value attached to it, it presses powerfully on the disparity consideration because of the simple proposition that what had gotten DEFENDANT the years in state court will now expose him not just to the mandatory minimum of ten years but 188-235 months under the U.S.S.G.  The court plainly needs to consider the disparity between the state sentence and the potential federal sentence in fashioning a just result here.

    Second, DEFENDANT's state court sentence also affects the federal sentencing analysis because DEFENDANT has served some 20 months of his state sentence.  We know, though the PSR does not consider the point, that U.S.S.G. §5G1.3 (1) and (2) directs that the sentencing court shall both credit the defendant with the time he has already served on his undischarged state court sentence and also run the remainder of defendant's undischarged

sentence concurrently with his federal sentence.  Put differently, DEFENDANT's sentence would begin as of the date of his arrest in state court, October 7, 2008, and the remainder of his three year term would run concurrently with his federal sentence.

DEFENDANT argues that, given the state court sentence of three years, the consideration for disparity in sentencing under 18 U.S.C. §3553(a) should yield a sentence of ten years, the mandatory minimum.  DEFENDANT goes further, however, and argues, under U.S.S.G. §5G1.1(1) and (2) that the time he has served already on his state sentence, some 20 months, be deducted from the ten year mandatory minimum sentence, with the balance of the three year state sentence to run concurrently with his federal sentence.  This result finds support in *United States v. Ross*, 219 F.3d 592 (7th Cir.2000), a case in which the court deducted the 34 months that the defendant had served on his state sentence from the fifteen years mandatory minimum of 15 years for his federal 18 U.S.C. §924 (e)(1) conviction.[1]

---

[1] DEFENDANT is obliged to note that in *United States v. Cruz*, 595 F.3d 744, 745-46 (7th Cir.2010)(Posner, J.), the Seventh Circuit observed that the defendant's fifteen year sentence in *Ross* was not a mandatory minium sentence in the way that 21 U.S.C. 841 carries a mandatory minimum sentence of ten years. Under this analysis, DEFENDANT's already served state court time can be applied under 18 U.S.C. §5G1.3, but the resulting sentence cannot be less than the ten years mandatory minium sentence.

```
                                    RESPECTFULLY SUBMITTED,

                                    WILLIAM DOMNARSKI,
                                    ATTORNEY FOR
                                    SERGIO RAMIREZ

DATED: JUNE 20, 2010                _____/s/_____
                                    William Domnarski
```