1 | ANDRÉ BIROTTE JR
United States Attorney
2 | CHRISTINE C. EWELL
Assistant United States Attorney
3 | Chief, Criminal Division
CHRISTOPHER K. LUI (State Bar No. 190180)
4 | Assistant United States Attorney
Major Frauds Section
5 |     1100 United States Courthouse
      312 North Spring Street
6 |     Los Angeles, California 90012
      Telephone:  (213) 894-3144
7 |     Facsimile:  (213) 894-6269
      E-mail:     christopher.k.lui@usdoj.gov
8 |
Attorneys for Plaintiff
9 | United States of America

10 |              UNITED STATES DISTRICT COURT

11 |          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12 | UNITED STATES OF AMERICA,    ) CR No. 09-229-GAF
                                )
13 |          Plaintiff,         ) GOVERNMENT'S POSITION RE:
                                ) SENTENCING FACTORS AND
14 |            v.               ) OPPOSITION TO SENTENCING
                                ) MEMORANDUM OF DEFENDANT SERGIO
15 | SERGIO RAMIREZ,             ) RAMIREZ; DECLARATION OF
                                ) CHRISTOPHER K. LUI
16 |          Defendant.         )
                                )
17 |                            ) Sentencing Date: 7/12/2010
                                )              1:30 p.m.
18 |                            )

19 |

20 |      Plaintiff United States of America, by and through its

21 | counsel of record, the United States Attorney for the Central

22 | District of California and Assistant United States Attorney

23 | Christopher K. Lui, hereby files its Position Re:  Sentencing

24 | Factors and Opposition to the Sentencing Memorandum of defendant

25 | SERGIO RAMIREZ ("defendant").  This position is based upon the

26 | //

27 | //

28 | //

attached memorandum of points and authorities, declaration of Christopher K. Lui, the documents and records on file in this matter, and any argument or evidence presented at defendant's sentencing hearing.

DATED: June 28, 2010          Respectfully submitted,

ANDRÉ BIROTTE JR
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division


_____/S/_____
CHRISTOPHER K. LUI
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

-ii-

MEMORANDUM OF POINTS AND AUTHORITIES

I.

INTRODUCTION

On April 6, 2010, without a plea agreement, defendant SERGIO RAMIREZ ("defendant"), pled guilty to count one of the indictment, which charged defendant with conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A); counts two and three of the indictment, which each charged defendant with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A); and count nine of the indictment, which charged defendant with maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1).

The United States Probation Office ("USPO") has disclosed its Presentence Investigation Report ("PSR") in this case. The PSR calculations of the applicable provisions of the United States Sentencing Guidelines are summarized as follows:

| | |
|---|---|
| Base Offense Level, § 2D1.1(a): | 38 (PSR ¶ 39) |
| Acceptance of Responsibility, §3E1.1(a): | -3 (PSR ¶ 40) |
| Total Offense Level: | 35 (PSR ¶ 43) |
| Criminal History Category: | II (PSR ¶¶ 47-56) |
| Supervised Release: | 5 years mandatory minimum, life maximum |
| Restitution: | N/A |
| Fine, §5E1.2: | $20,000-$12,500,000 |
| Special Assessment: | $400 |

As summarized above, the PSR calculates defendant's applicable total offense level as being level 35, and defendant's criminal

1

1  history category as being category II.  These guideline
2  calculations result in a guideline range of 188 to 235 months
3  imprisonment.

4      Based on the sentencing factors discussed in the PSR, and
5  the guideline factors calculated above, the USPO has recommended
6  a below-guideline sentence of 179 months imprisonment.  The
7  USPO's specific justification for its recommended nine month
8  downward sentencing variance is to account for eight months
9  defendant served on a state sentence for relevant conduct, plus
10 an additional month to reflect the approximate "good time" credit
11 that defendant would have received from the Bureau of Prisons for
12 eight months served.  The government agrees with the factual
13 findings and the guideline calculations set forth in the PSR.
14 However, for the reasons discussed below, the government believes
15 that the USPO's recommendation does not give adequate credit for
16 defendant's state sentence.  Accordingly, the government
17 recommends that the Court sentence defendant to a term of 166
18 months imprisonment.

19     The defense has filed a sentencing memorandum seeking the
20 imposition of a 120 month mandatory minimum sentence, based on
21 contentions that (1) to avoid unwarranted sentencing disparities,
22 the Court should consider defendant's three-year state sentence
23 for relevant conduct, and (2) the Court should, under U.S.S.G. §
24 5G1.3, reduce defendant's sentence to reflect 20 months of time
25 that defendant has served on his state sentence.  The government
26 disagrees with defendant's request for this 68 month reduction in
27 sentence, which dramatically overstates the impact of defendant's
28 prior state sentence.

1                                    II.

2                                ARGUMENT

3   A.    A Sentence of 166 Months Imprisonment Would Give Proper

4         Credit for Defendant's State Sentence and Prevent Double

5         Punishment

6         Prior to appearing before the Court in the instant case,

7   defendant was prosecuted and sentenced for state drug charges

8   arising out of the conspiracy charged herein, and served a

9   portion of a resulting three-year state sentence.  As noted in

10  the PSR, defendant was arrested on the related state charges on

11  October 7, 2008, and was "in state custody until transferred to

12  federal custody on 06/09/09."  (PSR at 2).  The custodial portion

13  of defendant's state sentence ended when he was placed on parole

14  status on May 8, 2010, though he remained in federal custody on

15  the instant charges.  (Lui Decl., ¶ 2).  To avoid double

16  punishment for related conduct, and to effectuate section

17  5G1.2(b) of the Sentencing Guidelines, the Court should reduce

18  defendant's sentence to account for the effect of the previously

19  imposed state sentence.  However, neither the 179 month sentence

20  recommended by the USPO, nor the 120 month mandatory minimum

21  sentence suggested by defendant, balance both of the

22  countervailing concerns of double punishment and double credit.

23        1.    The Court should avoid giving defendant double

24              credit for his prior sentence or double punishment for

25              related conduct

26        In determining defendant's sentence, the Court should

27  consult both the Sentencing Guidelines and the sentencing

28  directives in Title 18 of the United States Code.  The Sentencing

                                     3

Guidelines provide that when a defendant is subject to an undischarged term of imprisonment imposed for relevant conduct to the instant offense, "the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment **if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons**." U.S.S.G. § 5G1.3(b)(1) (emphasis added). Conversely, Title 18 directs against allowing double credit for time served by a defendant:

> **(b) Credit for Prior Custody.**— A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > **(1)** as a result of the offense for which the sentence was imposed; or
> >
> > **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.* (emphasis added.)

18 U.S.C. § 3585(b). In the phrasing of this statute, "Congress made clear that a defendant could not receive a double credit for his detention time." United States v. Wilson, 503 U.S. 329, 337, 112 S. Ct. 1351, 1356 (1992).

    2.   A downward adjustment of 22 months would fulfill the purpose of U.S.S.G. § 5G1.3(b)

In an effort to comply with the policy behind U.S.S.G. § 5G1.3(b)(1), the USPO has recommended that the Court adjust defendant's guideline sentence downward by nine months, consisting of (1) an eight month reduction to account for the period of October 7, 2008 (defendant's state arrest) and June 9,

2009 (defendant's transfer to federal custody); and (2) one month of "good time" credit that defendant could have received from the Bureau of Prisons during those eight months of custody. However, this recommendation incorrectly assumes that the Bureau of Prisons will calculate defendant's sentencing credit as starting from June 9, 2009.

Under 18 U.S.C. § 3585(b), defendant should not receive any credit toward his federal sentence for the time between June 9, 2009 (the date he arrived in federal custody) and May 8, 2010 (the date he commenced state parole). Although defendant was in federal physical custody during that period, he cannot receive federal credit for that time, because he was in federal custody pursuant to a writ ad prosequendum. Prisoners are entitled to no credit toward their federal sentences for any period of time they are on loan to federal authorities on a writ of ad prosequendum from state custody. See Ruggiano v. Reish, 307 F.3d 121, 125 n.1 (3d Cir. 2002).[1] When an inmate is transferred from state custody to federal authorities pursuant to a writ of ad prosequendum, the federal government is considered simply to be borrowing the prisoner from the sending sovereign for the purposes of indicting, arraigning, trying and sentencing him. Id.; see also Thomas v. Brewer, 923 F.2d 1361, 1366-67 (9th Cir. 1991)(noting that prisoner remained under state jurisdiction and custody when transferred to federal officials under writ of ad

_____

[1] Although the Third Circuit criticized Ruggiano on other grounds in the unreported case of United States v. Destio, 2005 WL 3032323 at *4 n.5 (3d Cir. Nov. 14, 2005), Ruggiano remains valid for the principle that time on loan to federal authorities under a writ ad prosequendum is not credited towards federal sentences.

<u>prosequendum</u>).  Consequently, when calculating the time to be credited to petitioner's federal sentence, "the time spent in federal custody pursuant to a writ of <u>prosequendum</u> is credited toward his state sentence, not his federal sentence." <u>Ruggiano</u>, 307 F.3d at 125 n.1.  Because defendant's state sentence ended when his parole commenced on May 8, 2010, the Bureau of Prisons may use that date--but not an earlier one--to start its calculation of federal sentencing credit pursuant to § 3585(b).

In light of the foregoing, the appropriate amount of downward adjustment in defendant's sentence under U.S.S.G. § 5G1.3(b) would be 22 months, consisting of the following components:  (1) eight months for time spent in state custody between October 7, 2008 and June 9, 2009; (2) eleven months for time spent in federal custody pursuant to a writ <u>ad prosequendum</u> between June 9, 2009 and May 10, 2010; and (3) three months for the putative good time credit that defendant could have earned during approximately nineteen months of Bureau of Prisons imprisonment.

B.   <u>Defendant's Request for a 68 Month Sentencing Reduction Is</u>
     <u>Unwarranted</u>

Defendant argues that his three year state court sentence should affect this Court's sentencing decision on two levels: (1) the Court should consider the disparity between the three year state sentence and the 188-235 month guideline range, and (2) the fact that defendant has served "some 20 months of his state sentence" should be considered in the imposition of sentence.  However, neither of these supposed mitigating factors warrants the 68 month sentencing reduction sought by defendant.

1  Defendant argues that the Court should reduce his sentence
2  to 120 months because "what had gotten defendant [three] years in
3  state court will now expose him not just to the mandatory minimum
4  of ten years but 188-235 months under the U.S.S.G." (Deft's
5  Sentencing Mem. at 4).  However, granting a 68 month sentencing
6  reduction due to defendant's state prosecution would **promote**,
7  **rather than avoid,** unwarranted sentencing disparities.  As set
8  forth above, a 22 month reduction in defendant's sentence would
9  account for 19 months of time creditable to defendant's state
10 sentence, plus three months of putative good time credit that
11 defendant might have earned (but would not be guaranteed) during
12 19 months of Bureau of Prisons custody.  Any greater reduction in
13 defendant's sentence would put defendant in a better position
14 than another defendant initially convicted of similar narcotics
15 offenses in federal court.
16     As discussed above, the government believes that the Court
17 should give defendant a downward adjustment of 22 months to
18 account for the portion of his state sentence that cannot be the
19 subject of federal sentencing credit.  However, defendant has
20 requested more than three times that amount of sentencing
21 reduction.  There is no basis in the Sentencing Guidelines nor
22 the sentencing goals of 18 U.S.C. § 3553 to utilize a threefold
23 multiplier in determining the credit due to defendant for his
24 prior state sentence.
25 B.   A 166 Month Sentence Fulfills the Sentencing Goals Codified
26      in 18 U.S.C. § 3553
27     While the Sentencing Guidelines are advisory and not
28 mandatory, 18 U.S.C. § 3553(a)(4) directs the Court to consider

the guideline sentencing range when imposing a sentence.  In this case, a 166 month sentence constitutes the low end of the applicable guideline range, reduced by 21 months to avoid the imposition of a sentence greater than defendant would have received if he had been prosecuted initially (and exclusively) in federal court.  Thus, a 166 month sentence would reflect not only the Sentencing Commission's recommendation of an appropriate sentence, but also addresses the need to avoid unwarranted sentencing disparities among similarly situated defendants pursuant to 18 U.S.C. § 3553(a)(6).

The Court's imposition of a sentence must be guided by additional factors set forth in 18 U.S.C. § 3553(a), which include:  the need for a sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; and to afford adequate deterrence to criminal conduct.  18 U.S.C. § 3553(a)(2)(A)-(D).  In this case, the government's recommended sentence addresses the seriousness of the offense, which involved defendant's actions in the wholesale trade of methamphetamine.  The recommended sentence would further serve the sentencing factors of 18 U.S.C. § 3553, by "afford[ing] adequate deterrence to criminal conduct" and promoting respect for the law within the meaning of section 3553(a)(2)(B).

A 166 month sentence is appropriate both to deter defendant from future crimes and to protect the public from future crimes by defendant, because the length of the sentence would remove defendant from free society for a substantial amount of time, and is a lengthy enough sentence to serve as a deterrent to future

1    criminal conduct.  Moreover, deterring a particular defendant

2    from further crimes is not the only goal of this factor.  General

3    deterrence (<u>i.e.</u>, deterring other would-be criminals from

4    committing crimes), is a permissible factor for the Court to

5    consider.  <u>See United States v. Zakhor</u>, 58 F.3d 464,  466 (9th

6    Cir. 1995) (noting that "Sentencing Commission . . . has a

7    mandate to create sentencing policies that consider 'the

8    deterrent effect a particular sentence may have on the commission

9    of the offense by others . . . .'")

                                        III.

                                     <u>CONCLUSION</u>

12       For the foregoing reasons, the government respectfully

13   requests that the Court sentence defendant to a term of 166

14   months imprisonment, a special assessment of $100, and a five

15   year term of supervised release upon release from imprisonment.

17   DATED: June 28, 2010            Respectfully submitted,

18                                   ANDRÉ BIROTTE JR
                                     United States Attorney

20                                   CHRISTINE C. EWELL
                                     Assistant United States Attorney
                                     Chief, Criminal Division

22                                   _____/s/_____
                                     CHRISTOPHER K. LUI
23                                   Assistant United States Attorney

24                                   Attorneys for Plaintiff
                                     United States of America

                                        9

### DECLARATION OF CHRISTOPHER K. LUI

I, CHRISTOPHER K. LUI, declare as follows:

    1.   I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I represent the government in the above-entitled case.

    2.   On June 25, 2010, I contacted Linda Farrar of the United States Marshal's Service for the Central District of California to inquire about the status of the California state sentence of imprisonment from which defendant Sergio Ramirez ("defendant") was brought into federal custody via writ ad prosequendum in the above-entitled case.  Ms. Farrar informed me via email that defendant was paroled by the state of California on May 8, 2010.

    I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED: June 25, 2010

                            /S/
                       CHRISTOPHER K. LUI

10

## CERTIFICATE OF SERVICE

**I, CHRISTOPHER K. LUI**, DECLARE:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of the United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

GOVERNMENT'S POSITION RE: SENTENCING FACTORS AND OPPOSITION TO SENTENCING MEMORANDUM OF DEFENDANT SERGIO RAMIREZ; DECLARATION OF CHRISTOPHER K. LUI

By electronic mail to:

United States Probation Officer Daniel Tynan

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed this 28th day of June, 2010 at Los Angeles, California.

_____/S/_____

CHRISTOPHER K. LUI

11