ANDRÉ BIROTTE JR
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
CHRISTOPHER K. LUI (State Bar No. 190180)
Assistant United States Attorney
Major Frauds Section
1100 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-3144
Facsimile: (213) 894-6269
E-mail: christopher.k.lui@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JORGE BORJORQUEZ,<br><br>Defendant. | CR No. 09-229-GAF<br><br>GOVERNMENT'S AMENDED POSITION RE: SENTENCING FACTORS FOR DEFENDANT JORGE BORJORQUEZ<br><br>Sentencing Date: 7/19/2010<br>1:30 p.m. |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Christopher K. Lui, hereby files its Amended Position Re: Sentencing Factors with respect to defendant JORGE BORJORQUEZ ("defendant"). This position is based upon the attached memorandum of points and authorities, the documents and

//

//

records on file in this matter, and any argument or evidence presented at defendant’s sentencing hearing.

DATED: July 16, 2010

Respectfully submitted,

ANDRÉ BIROTTE JR
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

/S/
CHRISTOPHER K. LUI
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

MEMORANDUM OF POINTS AND AUTHORITIES

In its initial sentencing memorandum for defendant JORGE BORJORQUEZ (“defendant”) filed on or about June 1, 2010, the government expressed its concurrence with the United States Probation Office’s (“USPO’s”) factual findings and guideline calculations regarding defendant, as well as the USPO’s recommendation for a 48 month sentence. Subsequently, the defense filed its sentencing memorandum seeking a sentence of an unspecified length that is “substantially less” than the USPO’s recommendation.

After reviewing defendant’s sentencing memorandum, and giving further consideration to the relevant 18 U.S.C. § 3553(a) sentencing factors in light of the sentences imposed on three of defendant’s co-defendants on July 12, 2010,[1] the government has reconsidered its sentencing recommendation. Specifically, the government believes that certain mitigating factors identified in defendant’s brief merit a downward variance to account for defendant’s personal history and characteristics, and that the Court should sentence defendant–whose role in the conspiracy in this case was that of a money courier-to a lower sentence than imposed on co-defendant Acosta, a methamphetamine reseller with a

[1] On that date, the Court sentenced co-defendant Felipe Ramirez to 186 months imprisonment, a $100 special assessment, and 5 years supervised release; co-defendant Sergio Ramirez to 148 months imprisonment, a $400 special assessment, and 5 years supervised release; and co-defendant Cesar Acosta to 40 months imprisonment, a $100 special assessment, and 1 year supervised release. The sentence imposed on co-defendant Acosta is particularly relevant as a basis of comparison in the instant sentencing, because defendant and co-defendant Acosta both pled guilty to the same offense–unlawful use of a communications facility in violation of 21 U.S.C. § 843(b).

greater criminal history, whose relative culpability is higher than defendant's.

In light of the foregoing, the government withdraws its prior sentencing recommendation, and hereby recommends that the Court sentence defendant to a term of 24 months imprisonment, a special assessment of $100, and a one year term of supervised release upon release from imprisonment. The recommended sentence, which falls below the guideline range calculated in the PSR, will fulfill the sentencing goals of 18 U.S.S.G. § 3553(a) by giving adequate weight to the mitigating nature of defendant's personal history characteristics under § 3553(a)(1), and will avoid unnecessary sentencing disparities. Moreover, a 24 month sentence would serve the purposes of § 3553(a)(2), as it would be long enough to reflect the seriousness of the offense and provide just punishment, but not longer than necessary to deter criminal conduct or protect the public from further crimes of the defendant.

DATED: July 16, 2010

Respectfully submitted,

ANDRÉ BIROTTE JR
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

/s/
CHRISTOPHER K. LUI
Assistant United States Attorney

Attorneys for Plaintiff
United States of America